J-S89029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES BROWN | |
| Appellant | No. 3193 EDA 2015 |

Appeal from the Judgment of Sentence October 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014684-2012

BEFORE:  SHOGAN, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED FEBRUARY 10, 2017**

James Brown appeals from the October 8, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas.  We affirm the judgment of sentence and dismiss Brown's ineffective assistance of counsel claims without prejudice.

The trial court[1] set forth a procedural history of this matter as follows:

> On October 1, 2012, [Brown] was arrested and charged with murder and related offenses in connection with the fatal shooting of decedent, Kenneth Butts.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Honorable Lillian Harris Ransom presided over Brown's trial. Judge Ransom was sworn in as a member of this Court in August 2016, following her appointment to the Court in June 2016.  Judge Ransom was not involved in the review of this appeal.

On July 6, 2015, following a jury trial before this Court, [Brown] was convicted of Third Degree Murder and violating §§ 6106 and 6108 of the Uniform Firearms Act.[2] He was adjudged not guilty of Possessing an Instrument of Crime.[3] [Brown]'s sentencing hearing was deferred until October 10, 2015, at which time the Court sentenced [Brown] to concurrent prison terms of twenty (20) to forty (40) years on the Murder bill and 6106 bill. No further penalty was imposed on the remaining bill. This timely appeal followed.

Opinion, 2/29/16, at 1-2 ("1925(a) Op.").

On October 22, 2015, Brown filed a timely notice of appeal. On October 26, 2015, the trial court ordered Brown to file and serve a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).⁴ On November 5, 2015, Brown filed a motion requesting leave to file post-sentence motions *nunc pro tunc*. On November 13, 2015, Brown filed a petition for extension of time to file his Rule 1925(b) statement, requesting a 30-day extension so that the trial court could rule on his pending motion. On November 16, 2015, Brown filed his Rule 1925(b) statement. On November 17, 2015, the trial court denied Brown's motion to file post-sentence motions *nunc pro tunc*, specifically ordering that Brown was not permitted to file post-sentence motions alleging

---

² 18 Pa.C.S. §§ 2502(c), 6016(a)(1), and 6108, respectively.

³ 18 Pa.C.S. § 907(a).

⁴ That same day, the trial court permitted Brown's trial counsel to withdraw. The trial court appointed appellate counsel for Brown on November 4, 2015.

ineffectiveness of trial counsel. The trial court prepared an opinion pursuant to Rule 1925(a). Brown raises three issues on appeal:[5]

> A. Was trial counsel ineffective for failing to object and request a mistrial when the prosecutor improperly commented during trial and in closing argument on his post-arrest invocation of his right to counsel?
>
> B. Was trial counsel ineffective for failing to object to the introduction of other crimes evidence regarding defendant's two prior arrests for firearms charges?
>
> C. Was trial counsel ineffective for failing to request a cautionary instruction with respect to the above-mentioned other crimes evidence as required by Commonwealth v. Billa, 555 A.2d 835 (Pa. 1999)?

Brown's Br. at 3 (answers below omitted).

Brown asserts three claims of ineffective assistance of trial counsel. Brown's Br. at 11-13. However, before we address the merits of Brown's ineffectiveness claims, we must address whether his claims are properly before this Court.

_____

[5] In his Rule 1925(b) statement, Brown also raised two substantive claims related to his first two ineffectiveness claims: (1) he was entitled to a new trial based on the prosecutor's alleged improper remarks on his post-arrest invocation of his right to counsel; and (2) the trial court erred in permitting the introduction of Brown's two prior firearms charges. However, Brown has abandoned these matters on appeal to this Court, as he neither presented them in his statement of questions presented on appeal nor argued them in his brief. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 (Pa.Super. 2011) (concluding that questions presented in appellant's concise statement but not subsequently developed in his brief are abandoned).

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), "[o]ur Supreme Court determined that, absent certain circumstances, 'claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act ("PCRA")] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal.'" **Commonwealth v. Harris**, 114 A.3d 1, 5 (Pa.Super. 2015) (quoting **Holmes**, 79 A.3d at 576); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) ("[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). The **Holmes** Court recognized two exceptions to this general rule:

> We recognize two exceptions [to the general rule] both falling within the discretion of the trial judge. First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims . . . where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown,[1] and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[2] In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the

extent that it advances (and exhausts) PCRA review in time; unlike the so-called [***Commonwealth v. Bomar***, 826 A.2d 831 (Pa. 2003)] exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

[1] ...[I]n short sentence cases the trial court's assessment of good cause should pay particular attention to the length of the sentence imposed and the effect the length of the sentence will have on the defendant's realistic prospect to be able to avail himself of collateral review under the PCRA.

[2] Unitary review describes the defendant's ability to pursue both preserved direct review claims and collateral claims of trial counsel ineffectiveness on post-sentence motions and direct appeal, and could aptly describe both exceptions we recognize today. However, for purposes of this appeal, we intend the term only to describe the second exception, *i.e.*, that hybrid review which would encompass full-blown litigation of collateral claims (including non-record-based claims).

***Holmes***, 79 A.3d at 563–64 (some citations omitted).

Brown argues that his first claim "may be properly heard in the instant appeal or at . . . least . . . remanded for an evidentiary hearing" because "trial counsel's ineffectiveness is apparent from the record in light of his egregious failure to object to an obvious violation of [Brown]'s constitutional rights."[6] Brown's Br. at 10. The Commonwealth responds that Brown is not

_____

[6] Brown does not argue that his claims are cognizable under the unitary-review exception.

entitled to relief for two reasons. First, it asserts that the trial court did not have jurisdiction to consider his motion to file post-sentence motions *nunc pro tunc* because Brown waited until 23 days after imposition of sentence and he had filed his notice of appeal. Cmwlth.'s Br. at 8 (citing Pa.R.Crim.P. 720(A)(1); **Commonwealth v. Martz**, 926 A.2d 514, 525 (Pa.Super. 2007)). Second, the Commonwealth argues that because the trial court denied Brown's motion and found no merit to Brown's claims, his case is not an "extraordinary" case pursuant to **Holmes**. **Id.** The Commonwealth argues that the trial court did not exercise its discretion and determine that his claims "were both meritorious and apparent from the record, such that immediate consideration and relief was warranted." **Id.** at 9.

The trial court did not address whether extraordinary circumstances warranting immediate consideration of Brown's ineffectiveness claims existed.[7] Based on our review of the record, we conclude that extraordinary circumstances do not exist here because it is not clear that Brown's claims are meritorious and entitled to immediate consideration and relief.[8] Thus,

---

[7] In its Rule 1925(a) opinion, the trial court addressed only the merits of Brown's claim of trial counsel's ineffectiveness for failing to request a limiting instruction pursuant to **Billa**. 1925(a) Op. at 8-10. The trial court did not address the other two claims of ineffectiveness, but rather addressed the underlying merits of each of those claims as Brown alleged in his Rule 1925(b) statement. **Id.** at 4-8.

[8] In its Rule 1925(a) opinion, the trial court found no merit to Brown's ineffectiveness claim with respect to the **Billa** limiting instruction and no

*(Footnote Continued Next Page)*

this exception to the general rule deferring such claims to PCRA review does not apply. Accordingly, the trial court correctly declined to review Brown's first two ineffectiveness claims and was not obligated to review Brown's ineffectiveness claim relating to *Billa*. Therefore, we dismiss Brown's claims of ineffectiveness of counsel without prejudice to his right to raise them in a timely filed PCRA petition. *See Commonwealth v. Burno*, 94 A.3d 956, 971 (Pa. 2014) (concluding that appropriate disposition of collateral claims for ineffectiveness of counsel improperly entertained by trial court is dismissal of claims without prejudice to appellant's right to pursue them under PCRA).

Judgment of sentence affirmed. Ineffective assistance of counsel claims dismissed without prejudice. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017

*(Footnote Continued)* ⸻

merit in the underlying issues of Brown's other two ineffectiveness claims. *See* 1925(a) Op. at 4-10.